# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Joanne R. Felder <br>                  <u>Debtor(s)</u> | CHAPTER 13 |
| HSBC Bank USA, National Association, as Trustee for Wells Fargo Home Equity Asset-Backed Securites 2006-3 Trust, Home Equity Asset-Backed Certificates, Series 2006-3 <br>                 <u>Secured Creditor</u> <br> vs. | NO. 17-18685 ELF |
| Joanne R. Felder <br>                  <u>Debtor(s)</u> | 11 U.S.C. Section 362 |
| William C. Miller Esq. <br>                  <u>Trustee</u> | |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Secured Creditor on the Debtor's residence is **$24,193.43,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | $1,476.38 for January 2020 through February 2020 |
| | $1,447.04 for March 2020 through May 2021 |
| Suspense Balance: | ($464.93) |
| **Total Post-Petition Arrears** | **$24,193.43** |

2. The Debtor(s) shall cure said arrearages in the following manner;

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$24,193.43.**

    b). Secured Creditor shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$24,193.43** along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

      3.     Beginning with the payment due June 1, 2021 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,447.04 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

      4.     Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Secured Creditor shall adjust the account accordingly.

      5.     In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, the Secured Creditor shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Secured Creditor may file a Certification of Default with the Court and the Court shall enter an Order granting the Secured Creditor relief from the automatic stay.

      6.     The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

      7.     If the case is converted to Chapter 7, the Secured Creditor shall file a Certification of Default with the court and the court shall enter an order granting the Secured Creditor relief from the automatic stay.

      8.     If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

      9.     The provisions of this stipulation do not constitute a waiver by the Secured Creditor of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date: May 10, 2021         /s/Rebecca A. Solarz, Esq.
                           Rebecca A. Solarz, Esq.
                           Attorney for Movant

Date: May 25, 2021         Mitchell J. Prince, Esq.
                           John L. McClain Esq. \Mitchell J. Prince, Esq.
                           Attorney for Debtor(s)

                                                          *No objection to its
                                                          terms, without
                                                          prejudice to any of our
Date: May 26, 2021         /s/ LeRoy W. Etheridge, Esquire, for*   rights and remedies
                           William C. Miller Esq.
                           Chapter 13 Trustee

## O R D E R

Approved by the Court this ___ day of _____, 2021. However, the court retains discretion regarding entry of any further order.

Date: 5/28/21

                           _____
                           Bankruptcy Judge
                           Eric L. Frank